NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAKHRADDIN F. RZAYEV,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2257

---

Petition for review of the Merit Systems Protection Board in No. SF-315H-23-0344-I-1.

---

Decided: March 11, 2025

---

FAKHRADDIN F. RZAYEV, Plano, TX, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Fakhraddin F. Rzayev petitions for review of a final decision of the Merit Systems Protection Board ("the Board"), dismissing his administrative appeal for lack of jurisdiction. *Rzayev v. Dep't of the Treasury*, SF-315H-23-0344-I-1, 2024 WL 3791350 (M.S.P.B. Aug. 12, 2024) ("*Final Order*").  For the following reasons, we *affirm*.

## BACKGROUND

Rzayev began his employment with the Department of the Treasury's Internal Revenue Service ("IRS") on August 19, 2019.  On March 28, 2021, he was appointed to a competitive service position as an IRS Criminal Investigator.  Prior to the start of that appointment, on March 23, 2021, Rzayev initialed and signed a Conditions of Employment ("COE") agreement.  One of the stated conditions reads as follows:

> As a new or current IRS employee selected for the CI Special Agent position, I understand that I will be subject to a three-year probationary period during which time my performance and conduct will be reviewed.  I understand that my unsatisfactory performance or unacceptable conduct during this period could result in my removal from this position and/or the IRS.  *I understand that I might ordinarily have the right to appeal such removal under 5 U.S.C. § 7513.  However, in acknowledgment of my acceptance of this position, I knowingly and voluntarily waive my statutory appeal rights until completion of my three-year probationary period.  These rights include but are not limited to*: the right to 30 days advanced written notice; a reasonable response period of not less than seven (7) days; and *the right to appeal the removal to the Merit Systems Protection Board*.  I will retain limited appeal rights under 5 C.F.R. § 315.806 during this period.  If I successfully completed the three-

year probationary period during prior service as a CI Special Agent, this condition of employment will not apply to me.

I.A. 9[1] (emphases added).

On April 28, 2023, Rzayev was terminated from service for unsatisfactory performance after receiving failing grades on Enforcement Activities training.[2] I.A. 5–7. Rzayev appealed his removal to Board. The administrative judge ("AJ") issued an order informing Rzayev that it may lack jurisdiction over his appeal and ordered him to file evidence and argument establishing the Board's jurisdiction. Following responses from Rzayev and the agency, the AJ issued an initial decision dismissing Rzayev's appeal for lack of jurisdiction. *Rzayev v. Dep't of the Treasury*, No. SF-315H-23-0344-I-1, 2023 WL 4052314 (M.S.P.B. June 12, 2023) ("*Decision*"), at I.A. 14.[3] The AJ determined that although Rzayev was an "employee" under the 5 U.S.C. § 7511, he had waived his statutory rights to an appeal to the Board through his acceptance of the "clear and unambiguous" COE agreement. *Id.*, I.A. 18. Accordingly, the AJ dismissed Rzayev's appeal for lack of jurisdiction. *Id.*, I.A. 21.

Rzayev then petitioned the full Board for review. The Board denied Rzayev's petition and adopted the initial

---

[1]  I.A. refers to the Informal Appendix submitted with Rzayev's principal brief.

[2]  The agency terminated Rzayev from service on three separate occasions. The first two, on August 19, 2022, and October 7, 2022, were both rescinded by the agency and Rzayev was restored to duty effective on the date of each termination. *See* I.A. 43, 46.

[3]  Because the published decision lacks pagination, we refer to the page numbers as they appear in Rzayev's Informal Appendix.

decision as its own final decision on August 12, 2024. *Final Order*, at \*1. Rzayev timely appealed to this court, and we have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations *de novo*. *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024). We must affirm the Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An "employee," as defined by § 7511, may waive his statutory right of appeal to the Board via agreement. *See McCall v. U.S. Postal Serv.*, 839 F.2d 664, 667–69 (Fed. Cir. 1988) (holding that an employee may waive his right to appeal a disciplinary action to the Board pursuant to 5 U.S.C. § 7701(a) via a "last chance" settlement agreement). If said agreement is found to be valid and enforceable, the Board lacks jurisdiction over the appeal. *Id.* at 669. Rzayev bears the burden of raising a "nonfrivolous allegation of facts sufficient to establish jurisdiction" of the Board. *Rice v. Merit Sys. Prot. Bd.*, 522 F.3d 1311, 1314 (Fed. Cir. 2008).

Rzayev argues that his COE agreement was not valid because (1) the contract was ambiguous, (2) he lacked representation at the time of the agreement, and (3) it was unsupported by consideration. He also argues that the contract was unenforceable as contrary to public policy and invalid due to the unequal bargaining power of the parties. We disagree with the first set of argument on the merits and find that the second set was forfeited.

First, Rzayev argues that his appeal to the Board following an August 19, 2022 termination letter and the agency's subsequent recission of that termination demonstrates that neither party understood the terms of the

contract and it was therefore ambiguous. *See* I.A. 39–44. However, the termination letter affirmatively reflects the agency's understanding that he had "knowingly and voluntarily waived [his] statutory appeal rights until the completion of [his] three-year probationary period." I.A. 39. And the agency's letter rescinding his termination does not reflect a different understanding of the waiver provision. I.A. 43–44. Furthermore, interpretation of a contract and whether a provision is ambiguous are questions of law. *Grumman Data Sys. Corp. v. Dalton*, 88 F.3d 990, 997 (Fed. Cir. 1996). Here, the contract is unambiguous because there is only one reasonable interpretation of the waiver provision. *See id.* That provision expressly states: "I knowingly and voluntarily *waive my statutory appeal rights* until completion of my three-year probationary period." I.A. 9. It continues: "[t]hese rights include but are not limited to: . . . *the right to appeal the removal to the Merit Systems Protection Board.*" *Id*. The only reasonable interpretation of that provision is that, by signing the agreement, Rzayev knowingly waived his statutory right of appeal to the Board.[4]

Second, Rzayev argues that his lack of representation at the time he signed the COE agreement was not properly considered. A lack of representation is just one factor the Board considers when assessing the voluntariness of a contract. *See Swidecki v. U.S. Postal Serv.*, 101 M.S.P.R. 110, 118 (2006). Here, the Board considered his lack of representation and found that the waiver language was "sufficiently clear and unambiguous for [Rzayev] to have been able to knowingly and voluntarily accepted the waiver

---

4    The fact that Rzayev retains a limited right to appeal under 5 C.F.R. § 315.806 does not alter this conclusion because Rzayev does not allege that his termination was based on "partisan political reasons or marital status." *See* 5 C.F.R. § 315.806(b).

terms, regardless of his lack of representation." *Decision*, at I.A. 19. We see no reversible error in that conclusion. Indeed, Rzayev offers no specific evidence as to why he would not have been capable of understanding the plain language of the agreement absent representation.

Rzayev's third argument—that the COE agreement lacked consideration—also fails. Rzayev's appointment to a position as an IRS Criminal Investigator was the consideration in exchange for his agreement to "waive [his] statutory appeal rights until completion of [his] three-year probationary period." *See* I.A. 9–14; Restatement (Second) of Contracts § 71 (1981) (defining consideration).

Finally, Rzayev asserts that he did not forfeit his arguments that the agreement was contrary to public policy or invalid due to the unequal bargaining power of the parties because he raised them for the first time "in the petition for review ('PFR') to the full MSPB." Informal Reply Br. 7–8. That argument defies our precedent. As we have long held, if a party "raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue." *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). As such, we decline to consider those arguments.

CONCLUSION

We have considered Rzayev's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's dismissal for lack of jurisdiction.

**AFFIRMED**

COSTS

The parties shall bear their own costs.